IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GREGORY T. WALKER,

Defendant.

8:26-CR-75

MEMORANDUM AND ORDER ON THE
GOVERNMENT'S MOTION FOR
REVIEW OF A RELEASE ORDER

This matter is before the Court on the Government's Motion for Review of a Release Order, Filing 23, requesting that the Court review and overrule the order of the United States Magistrate Judge releasing the defendant pending trial. The Court has conducted a *de novo* review of the record in this case and for the reasons stated below, the Court grants Government's motion.

## I.   BACKGROUND

On April 21, 2026, the grand jury returned an Indictment charging defendant Gregory T. Walker with seven counts. Filing 1. Count I charges the defendant with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3) and 18 U.S.C. § 1153, while Counts II through VII charge the defendant with child abuse in violation of 18 U.S.C. § 1153, 18 U.S.C. § 13, and Neb. Rev. Stat. § 28-707(1)(a) and (b). Filing 1 at 1–4. Counts I through IV allege that the defendant assaulted or abused Minor Victim 1, while Counts V through VII allege that the defendant abused Minor Victim 2, Minor Victim 3, and Minor Victim 4, respectively. Filing 1 at 1–4. Codefendant Keri Lapointe is also named in Counts VI and VII. Filing 1 at 3–4. The dates of the allegations in the Indictment range from October 1, 2020, to March 31, 2025, and counsel for the Government has

1

represented that the minor victims identified in the Indictment are either the defendant's children, codefendant Lapointe's children, or their children in common. *See generally* Filing 1; Filing 23 at 1–2; Filing 21 (Audio File). Minor Victim 1 is now an adult. *See* Filing 21 (Audio File).

An arrest warrant was issued and executed, and the defendant appeared before the United States Magistrate Judge on May 8, 2026. Filing 12 (Text Minute Entry). The magistrate judge also conducted a detention hearing at that time. *See* Filing 21 (Audio File). Counsel for the Government sought detention on the grounds that the defendant is both a flight risk and a safety risk. In support of detention, counsel for the Government cited the defendant's extensive criminal history and the serious nature of the allegations against the defendant. Defense counsel countered that, among other things, the timing of the Indictment—which was filed nearly six years after the earliest alleged instance of child abuse—and the fact that the defendant is currently on probation in Dakota County, Nebraska mitigate any concerns with the defendant's risk of flight and risk to others or to the community. The United States Probation Officer prepared a Pretrial Services Report in advance of the detention hearing and recommended that the defendant be detained based on the officer's belief that "[t]here is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." Filing 8 at 11. After reviewing the Pretrial Services Report and hearing argument from the parties, the magistrate judge denied the Government's motion for detention and released the defendant on conditions. Filing 12 (Text Minute Entry); Filing 14 (Order Setting Conditions of Release).

The following day, the Government filed a Motion for Review of a Release Order, Filing 23, asking the Court to conduct a *de novo* review of the magistrate judge's release order and to revoke the order and detain the defendant pending trial. In its motion, the Government proffers that the defendant misrepresented the number of biological children he has during his pretrial services

interview. Filing 23 at 1. The Pretrial Services Report indicates that the defendant reported seven biological children, Filing 8 at 1–2, but the Government asserts that the defendant actually has at least nine biological children, including two children the defendant did not mention during his pretrial services interview even though those children are included as victims in the Indictment, Filing 23 at 1. The Government also avers that at least four of codefendant Lapointe's biological children previously resided with the defendant and Lapointe and that two of those children are identified as victims in this case. Filing 23 at 1–2. The Government proffers that over the course of at least five years, the defendant "physically abused the children residing in his household." Filing 23 at 2. According to the Government, the children ranged in age from at least six years old to seventeen years old, and the defendant abused the children in various ways. Filing 23 at 2. The Government proffers that the defendant forced the youngest children "to do workouts" and "hit or kicked the children if they did not do the exercises correctly" and that the defendant "would lose his temper over other things as well, and would yell, swear, destroy things, hit, and kick the children for any noncompliance, including punching or slapping the children in the face and/or repeatedly punching the children in the torso or stomach." Filing 23 at 2. Regarding the older children, the Government proffers that the defendant forced them "to work long hours in [his] food truck." Filing 23 at 2. The Government cites one instance where the defendant allegedly reacted to a child's failure to clean the food truck by "punching the child in the face and body, pushing the child, and throwing things at the child to include a blender and a metal stool, which hit the child in the head resulting in an emergency room visit and staples to close the wound." Filing 23 at 2; *see also* Filing 1 at 1 (Counts I and II).

The Government asserts in its motion that the defendant attempted to hide the alleged abuse by keeping the children out of school when they had visible injuries, by lying to hospital staff, and

by making false allegations about the children "in an attempt to discredit them and/or justify his own actions." Filing 23 at 2. The Government's motion also references the defendant's criminal history, as set forth in the Pretrial Services Report. Filing 23 at 3; Filing 8 at 4–10. That criminal history includes more than 20 convictions for conduct such as failing to obey a lawful court order, escape, driving under the influence, contributing to the delinquency of a minor, domestic assault, second degree assault involving domestic violence, domestic or family violence, disturbing the peace, violating a family violence protection order, and felony driving while revoked. Filing 8 at 4–10. The defendant's criminal history also reflects multiple instances where he failed to appear for court proceedings. Filing 8 at 7. Ultimately, the Government contends that the defendant "should be detained because he poses a danger to the community and a risk of non-appearance at future court proceedings." Filing 23 at 5 (citing 18 U.S.C. § 3142(f)(2)(B)).

On May 14, 2026, the defendant filed an Objection to the Government's Motion to Review Release, countering that the Government has failed to establish that the release conditions imposed by the magistrate judge "are insufficient to reasonably assure either Mr. Walker's appearance or the safety of the community." Filing 26 at 1. The defendant takes issue with the Government's characterization of him as "an urgent danger to the community" because the allegations of abuse set forth in the Government's proffer have been known to the Government "for an extended period" of time. Filing 26 at 1. The defendant argues that "[t]ribal and federal authorities have admittedly known of these allegations for years and nevertheless permitted Mr. Walker to remain in the community without seeking detention, arrest, or emergency intervention." Filing 26 at 1. Indeed, some of the charges in the Indictment date back to as early as October 1, 2020, and the prosecutor stated during the detention hearing that the investigation of the defendant was pending for a long time. Filing 1 at 2 (Counts III and IV); Filing 21 (Audio File). The defendant questions how the

4

Government can "truly believe[ ] Mr. Walker pose[s] an intolerable and ongoing danger to minors in the community" when "viewed against the timeline of its own investigation." Filing 26 at 3–4. The defendant acknowledges the seriousness of the allegations in the Indictment, but he contends that "seriousness alone does not mandate detention" and he argues that the conditions imposed by the magistrate judge are "designed to reasonably assure both compliance and community safety." Filing 26 at 2, 4. The defendant specifically identifies the conditions requiring drug and alcohol testing, requiring him to obtain a substance abuse evaluation, imposing a search provision for his home, prohibiting him from contacting any minor under the age of 18, and prohibiting him from contacting his codefendant and any victims or potential witnesses. Filing 26 at 3; *see also* Filing 14 at 2. The defendant also points to "existing safeguards" that he argues further mitigate any risk of flight or danger, including the fact that he is subject to "active supervision" in Dakota County involving "ongoing probationary oversight and drug and alcohol testing." Filing 26 at 2–3.

With the Government's Motion for Review of a Release Order fully briefed, the Court turns to the merits of the motion.

## II.  APPLICABLE STANDARDS

A magistrate judge's decision to release or detain a defendant pending trial is governed by 18 U.S.C. § 3142. Under 18 U.S.C. § 3145, "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation" of a magistrate judge's order granting a defendant pretrial release. 18 U.S.C. § 3145(a)(1). The Government's "motion shall be determined promptly." 18 U.S.C. § 3145(a). The district court's review of a magistrate judge's pretrial release order is *de novo*. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc) (noting that the district court proceeds *de novo* in its review of a magistrate judge's pretrial

bond order); *United States v. Cook*, 87 F.4th 920, 921 (8th Cir. 2023) (referencing the district court's

*de novo* review of the magistrate judge's pretrial detention order).

Under 18 U.S.C. § 3142(e)(1), a defendant will be detained pending trial if there is "no

condition or combination of conditions [that] will reasonably assure the appearance of the person as

required and the safety of any other person and the community." The Eighth Circuit Court of

Appeals has explained that the Government bears different burdens of proof for showing that the

defendant is a flight risk, *i.e.*, that there is no condition or combination of conditions that will

reasonably assure the appearance of the defendant, and for showing that the defendant is a safety

risk, *i.e.*, that there is no condition or combination of conditions that will reasonably assure the safety

of any other person and the community. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Specifically, pretrial detention is warranted "[o]nly if the government shows by clear and convincing

evidence that no release condition or set of conditions will *reasonably assure* the safety of the

community and by a preponderance of the evidence that no condition or set of conditions . . . will

*reasonably assure* the defendant's appearance. . . ." *Id.* at 797 (emphasis and ellipses in the original)

(quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)). In determining whether the

Government has met its burdens to prove that the defendant is a flight risk and a safety risk, the

Court considers the following factors:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III. LEGAL ANALYSIS

Having conducted a *de novo* review of the record, the Court finds that the Government has met its burden to prove that the defendant is both a flight risk and a safety risk. Accordingly, the Court concludes that the defendant shall be detained pending trial. Because the Court can determine this matter on the record before it, the Court further concludes that there is no need to hold a hearing. *See United States v. Martin*, 447 F.Supp.3d 399, 402–03 (D. Md. 2020) ("However, 'there is no statutory requirement that the court hold a hearing' and the court 'retains the discretion to decide whether to hold a hearing.'" (quoting *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019))).

In reaching this conclusion, the Court has evaluated the four factors set out in 18 U.S.C. § 3142(g) and "take[n] into account available information concerning" those factors. First, the Court has considered the "nature and circumstances of the offense[s] charged," assault with a dangerous weapon and child abuse. 18 U.S.C. § 3142(g)(1). There is no question that these are serious charges, and the allegations in the Indictment are of violent conduct. The facts proffered by the Government at the detention hearing and in its Motion for Review of a Release Order further underscore the gravity of the charges in this case. The defendant is correct that there is no presumption of detention for the charges in the Indictment, *see* 18 U.S.C. § 3142(e), but 18 U.S.C. § 3142(g)(1) specifically

7

requires the Court to consider whether the charged offenses "involve[ ] a minor victim" and all seven counts against the defendant do involve minor victims. The Court concludes that both the seriousness of the charged offenses and the involvement of multiple minor victims who were in the defendant's care weigh in favor of detention.

Second, the Court has evaluated "the weight of the evidence against" the defendant and finds that this factor also supports detention. 18 U.S.C. § 3142(g)(2). The Government has represented that the evidence in this case includes "interviews of witnesses to the abuse in addition to reports by the victims themselves," as well as "medical documentation and/or photographs of some of the injuries caused by the abuse." Filing 23 at 5. The Government avers that the witnesses consistently "advised that the children were not safe due to physical abuse by Defendant," even though the interviews were conducted "separately and at different points in time." Filing 23 at 5. The defendant has not challenged the Government's depiction of its evidence but instead argues that "[t]he weight of the evidence is the least important factor under the Bail Reform Act because the Court must avoid transforming a detention hearing into a preliminary determination of guilt." Filing 26 at 4. The Court does not make any determination of guilt, but it does conclude that the weight of the evidence against the defendant is significant enough to suggest that detention is appropriate.

Third, the Court has considered the "history and characteristics" of the defendant. 18 U.S.C. § 3142(g)(3). This factor weighs heavily in favor of detention. As set forth in the Pretrial Services Report, the defendant's criminal history spans more than 20 years, he has a significant history of drug or alcohol abuse and a troubling record concerning appearance at court proceedings, and he has a history of assaultive and abusive conduct. *See* 18 U.S.C. § 3142(g)(3)(A) (providing that some of the factors to consider include the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, past conduct, history

relating to drug or alcohol abuse, criminal history, and record concerning appearance a court proceedings"). The defendant has two convictions for failing to obey lawful court orders; one conviction for criminal mischief; three convictions for second-degree assault, with one of those convictions involving domestic violence; one conviction for assault by mutual consent; one conviction for attempt of a Class 1 misdemeanor after he was originally charged with committing child abuse negligently with no injury; one conviction for domestic or family violence; two convictions for violating family violence protection orders; and one federal conviction for contributing to the delinquency of a minor. Filing 8 at 4–10. The defendant's most recent conviction is for second-degree assault after he was found guilty following a trial in the Winnebago Tribal Court in December 2025.[1] Filing 8 at 10. The defendant's criminal history also includes two disturbing the peace convictions, three driving under the influence convictions, one operating while intoxicated conviction, one driving under suspension conviction, and two driving during revocation convictions—including a conviction from September 2025 for which the defendant remains on probation in Dakota County. Filing 8 at 4–10. The defendant's record concerning appearance at court proceedings is marred by a conviction for escape, a charge for being a fugitive from justice, and at least two instances of failing to appear for show cause hearings. Filing 8 at 4–10. The defendant's criminal history—including his most recent convictions—illustrates that he has been and continues to be both a flight risk and a safety risk.

The Court concludes that even the convictions that occurred years ago are highly relevant to its current assessment given the assaultive nature of many of the defendant's prior convictions and

---

[1] The Pretrial Services Report indicates that the defendant was found guilty of both child abuse and second-degree assault following the December 2025 trial. Filing 8 at 10. However, during the detention hearing, defense counsel represented that the defendant was found guilty of assault but not guilty of child abuse.

of the charges in the Indictment. The defendant argues that "[t]here is no evidence that [he] has failed to appear for court proceedings or otherwise demonstrated that he cannot comply with structured conditions imposed by supervising authorities." Filing 26 at 5. Obviously, the defendant's record of repeatedly failing to appear for show cause hearings is directly contrary to that statement, as is the defendant's prior conviction for escape. But even if the defendant intended to limit his argument to his performance during his recent term of probation in Dakota County and his recent trial in the Winnebago Tribal Court, the Court does not find the argument persuasive given the defendant's extensive criminal history and his prior instances of noncompliance or nonappearance. The defendant's criminal history and record of noncompliance and nonappearance also outweigh the remaining components of 18 U.S.C. § 3142(g)(3)(A), including the defendant's family ties, employment, financial resources, and length of residence in the community. Moreover, the defendant was arrested on the current charges while he was on probation, and this further weighs in favor of detention. *See* 18 U.S.C. § 3142(g)(3)(B) (providing that in considering the history and characteristics of the defendant, the Court also considers "whether, at the time of the current offense or arrest, the person was on probation").

Finally, the Court has evaluated "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). In considering this factor, the Court has not overlooked the defendant's argument about the "timeline of [the Government's] own investigation" and the fact that the Government was apparently investigating the defendant for child abuse conduct for years before the Indictment was filed. Filing 26 at 3. Once the Indictment was filed and trial became a realistic possibility, the risk to the children expanded to include the risk of witness intimidation. In an effort to address this risk, the magistrate judge imposed a condition prohibiting the defendant from contacting any potential victim or witness in

10

this case, including the codefendant. Filing 14 at 2. While the Court understands the magistrate judge's rationale, the Court is unable to conclude that this condition will mitigate the risk the defendant poses to the children who were previously in his care. The defendant's history of violence within the household weighs heavily in the Court's determination, as does the serious nature of the charges in the Indictment and the substantial harm the defendant is alleged to have perpetrated against children he was supposed to protect. The defendant's argument that the Government should have acted sooner does not change the danger that the defendant poses and has posed to the children involved, and the fact that the Government could have filed the charges sooner does not change the harm that the defendant's release could present to the children involved in this matter, particularly now that the Defendant has been charged in this case.

## IV. CONCLUSION

Based on the Court's *de novo* review of the record in this case—including the charges in the Indictment and the parties' arguments and proffered evidence—the Court finds that the Government has met its burden to prove by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance. The defendant's history of noncompliance with court orders and nonappearance at court proceedings demonstrates that it is more likely than not that he poses a flight risk. The Court also concludes that the Government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The Court reaches this conclusion after considering the defendant's lengthy criminal history containing multiple convictions for assaultive conduct within the household, the serious nature of the charges in the Indictment and the fact that they all involve minor victims, the risk of harm to the children previously

entrusted to the defendant's care, the risk to the integrity of these legal proceedings, and the fact that the defendant was arrested in this case while he was on state probation.

The Court rejects the notion that the safety of the defendant's children and the children previously in his care—including those identified as minor victims in the Indictment—is somehow at less of a risk because the Indictment was filed years into the investigation of the defendant. The Indictment alleges that the defendant threw a metal chair at Minor Victim 1 and struck the victim in the head, forced Minor Victim 1 to work in the defendant's food truck, punched Minor Victim 1, threw objects at Minor Victim 1, threw Minor Victim 1 to the ground, kept Minor Victim 1 out of school, shoved Minor Victim 1 down the stairs and punched Minor Victim 1 repeatedly, and placed Minor Victim 2, Minor Victim 3, and Minor Victim 4 in situations that endangered their lives or physical or mental health or cruelly punished them. *See generally* Filing 1. The fact that the Government did not immediately prosecute the defendant upon the first such instance of alleged abuse does not mitigate the danger that the defendant's release poses to the victims and other children. The filing of the Indictment of this case expanded the risk to those children to include witness intimidation because, as the Government has proffered, many of those children are witnesses of the alleged abuse, if not victims themselves.

For all the reasons set forth in this order, the Court grants the Government's Motion for Review of a Release Order and revokes the magistrate judge's order releasing the defendant pending trial. A bench warrant shall be issued for service upon the defendant. Accordingly,

IT IS ORDERED:

1. The Government's Motion for Review of a Release Order, Filing 23, is granted;

2. The defendant's Objection to the Government's Motion to Review Release, Filing 26, is denied;

12

3. The Order Setting Conditions of Release, Filing 14, is revoked;

4. Defendant Gregory T. Walker's release is revoked, and a bench warrant shall be issued for service upon the defendant.

Dated this 22nd day of May, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

13